UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AL D. JONES, et al,<br><br>    Plaintiffs,<br><br>vs.<br><br>ADAM JINPARN, et al.,<br><br>    Defendants. | Case No: C 19-02817 SBA<br><br>**ORDER GRANTING PLAINTIFF AL JONES' MOTION FOR LEAVE TO FILE A LATE OPPOSITION BRIEF**<br><br>Dkt. 56, 58 |

Plaintiffs Al D. Jones ("Al Jones") and John W. Jones ("John Jones") (collectively, "Plaintiffs"), proceeding pro se, bring the instant action against several individuals and entities, including Defendant Adam Jinparn, San Pablo Police Officer ("Officer Jinparn"), for the alleged mishandling of the remains of their deceased brother, Harleem Sweets.

Plaintiffs initiated the instant action in the Contra Costa County Superior Court on March 1, 2019. After removing the action to this Court, Officer Jinparn filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 19, 2019, the Court granted Officer Jinparn's motion and dismissed the First, Second, Fifth, Sixth, and Seventh Causes of Action with leave to amend. See Dkt. 46.

On January 8, 2020, Plaintiffs filed the operative First Amended Complaint ("FAC"). Dkt. 48. On January 16, 2020, Officer Jinparn filed a motion to dismiss the FAC pursuant to Rule 12(b)(6). Dkt. 49. Plaintiffs' response to the motion was due by January 30, 2020. See Civ. L.R. 7-3(a). Plaintiffs failed to file a timely response.

On February 4, 2020, the Court issued an order directing Plaintiffs to file a response to Officer Jinparn's motion. Dkt. 54. The Court noted that it was within its discretion to

grant the motion as unopposed, but nonetheless afforded Plaintiffs through February 12 to file a response. Id. The Court warned Plaintiffs that the failure to file a response within the time prescribed could result in dismissal of the action against Officer Jinparn. Plaintiffs did not file a response by the extended deadline.

On February 14, 2020, Al Jones filed a Request for Extension to File Opposition to Motion to Dismiss, stating that he did not receive a copy of Officer Jinparn's motion to dismiss the FAC or the Court's order directing Plaintiffs to file a response thereto until that day. Dkt. 56. He simultaneously filed a notice of change of address. Dkt. 57.

On February 18, 2020, Al Jones filed a combined "Motion for Relief" and Opposition to Officer Jinparn's motion to dismiss. Dkt. 58. In the motion for relief, he seeks leave to file a late opposition on the ground that his address of record was not operational and thus he did not receive copies of Officer Jinparn's moving papers or the Court's order directing Plaintiffs to respond to the motion until February 14. Id. at 1-2.

The Court finds that the request for an extension and motion for relief to file a late opposition are flawed in several requests. As a threshold matter, both the request and the motion are signed only by Al Jones. The Court previously warned Plaintiffs that "every pleading, motion and other paper must be signed by each unrepresented party personally." Dkt. 56 at 3 n.3 (citing Fed. R. Civ. P. 11(a)). Although Al Jones may represent himself pro se, see 28 U.S.C. § 1654, he has no right or authority to represent John Jones. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Consequently, neither the request nor the motion seeks any relief on behalf of John Jones.[1]

Regarding Al Jones, his request for an extension and motion for leave to file a late opposition fail to comply with the applicable local rules. See Civil L.R. 6-3(a) (describing the requisite form and content of a motion to change time); Civil L.R. 7-11(a) (describing

---

[1] At this late juncture, the Court will not afford John Jones additional time to file a separate response to Officer Jinparn's motion to dismiss the FAC, as no request for such relief has been made and doing so would only further delay disposition of the motion. If John Jones wishes to join in the opposition filed by Al Jones, however, he may file a notice joining in the opposition by no later than February 26, 2020.

the requisite form and content of a motion for administrative relief).  Moreover, his justification for failing to file a timely opposition brief—delayed receipt of the moving papers—lacks merit.  Officer Jinparn served the motion on Al Jones' address of record.  <u>See</u> Dkt. 49 at 11-12.  Al Jones states he did not receive the moving papers because he "rarely goes to [that address] and has since filed a change of address with the court."  Dkt. 58 at 2.  However, "a party proceeding pro so whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address."  Civil L.R. 3-11(a).  Al Jones failed to *promptly* file and serve such a notice, and thus, delayed receipt of the moving papers is attributable only to his own neglect.

The above notwithstanding, the Court accepts as true Al Jones' assertion that he did not receive the moving papers until February 14, 2020.[2]  He then promptly filed an opposition, which he attached to the motion seeking leave to file a late brief.  <u>See</u> Dkt. 58 at 3-14.  The opposition was filed only six days after the extended deadline set by the Court.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff Al Jones' motion for leave to file a late opposition brief is GRANTED and the opposition at Docket 58 is deemed filed.

2. Officer Jinparn shall have until <u>February 26, 2020</u> to file a reply.

3. The Court will resolve the motion to dismiss without oral argument.

4. This Order terminates Dockets 56 and 58.

IT IS SO ORDERED.

Dated: 2/19/2020

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[2] Al Jones also states that he did not receive a copy of the Court's order directing him to respond to the motion—which is dated February 3—until February 14.  The Court notes that the order was served at Al's *new* address of record, <u>see</u> Dkt. 54-1, and thus, should have been promptly received.  However, although the order would have put him on notice that a motion is pending, the moving papers were required to formulate a response.