UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| AL D. JONES, et al,<br><br>    Plaintiffs,<br><br>vs.<br><br>ADAM JINPARN, et al.,<br><br>    Defendants. | Case No: C 19-02817 SBA<br><br>**ORDER GRANTING DEFENDANT JINPARN'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND REMANDING REMAINING CLAIMS**<br><br>Dkt. 49 |

Plaintiffs Al D. Jones ("Al") and John W. Jones ("John") (collectively, "Plaintiffs"), proceeding pro se, bring the instant action against several individuals and entities, including San Pablo Police Officer Adam Jinparn ("Officer Jinparn"), for the alleged mishandling of the remains of their deceased brother, Harleem Sweets ("Harleem") (aka Steven H. Jones).[1] Presently before the Court is Officer Jinparn's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 49. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion without leave to amend, for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] In addition to Officer Jinparn, Plaintiffs name as defendants Deputy John Wong, Contra Costa Coroner Office ("Deputy Wong"); Diana Escobar ("Escobar") and First Republic Real Estate, Inc. dba Professional Property Management ("PPM") (erroneously sued as Diana, PPM Property Mgr.); Bobbie McFadden ("McFadden"); Smith & Witter Funeral Home ("Smith & Witter") (erroneously sued as Mike, Smith & Witter Mortuary); and Greater Muslim Sacramento ("Greater Muslim") (collectively, "Defendants"). Deputy Wong, McFadden, Greater Muslim, and Smith & Witter have since been dismissed from the action. See Dkt. 44 & 45.

**I.     BACKGROUND**

   **A.     FACTUAL ALLEGATIONS**

Al, John, and Harleem are brothers. First Am. Compl. ("FAC") at 2, Dkt. 48. They also have a sister, Martha Reed, who is not a party to the action. Id.[2] On October 1, 2018, Al and John became concerned when Harleem did not join them to celebrate Al's birthday. Id. ¶ 1. On October 3, 2018, John called the San Pablo Police Department ("SPPD") and requested that they conduct a welfare check at Harleem's residence. Id. ¶ 2.

Officer Jinparn was dispatched to Harleem's residence and contacted the property manager, Escobar, to open the apartment. Id. (citing SPPD Report).[3] Officer Jinparn found Harleem deceased, lying on the floor, with no signs of foul play. Id. According to Plaintiffs, Escobar told Officer Jinparn that Harleem's Section 8 application listed McFadden as his sister. Id. ¶ 3. Officer Jinparn contacted McFadden, who falsely claimed to be Harleem's sister. Id. ¶¶ 4, 8. Officer Jinparn then contacted Deputy Wong at the Coroner's Office. Id. "[B]ased upon" McFadden's "lies" that Harleem was her brother, Deputy Wong released Harleem's body to Smith & Witter, which then transferred the body to Greater Muslim for cremation. Id.

In the meantime, Al had asked a friend, Gregory Wilson ("Wilson"), to stop by Harleem's residence. Id. ¶¶ 1, 5. Wilson went to Harleem's apartment on October 3, 2018 and learned that he had died. Id. ¶ 5. Wilson delivered the news to Al and also advised that McFadden had claimed to be Harleem's sister and had sent the body to Smith & Witter. Id.

According to Plaintiffs, Officer Jinparn never attempted to call John Jones to inform him of the results of the welfare check. Id. John alleges that he provided his phone number

---

[2] Only Al and John Jones are named as plaintiffs. Further, as the Court previously advised, Dkt. 46 at 3 n.3, every pleading, motion, and other paper must be signed by each unrepresented party personally. Fed. R. Civ. P. 11(a). Pro se litigants may not represent other parties. Simon v. Harford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Martha Reed has not signed any pleading or paper in this action, and thus, cannot be a party thereto.

[3] A police report prepared by Officer Jinparn is attached to the original Complaint. See Dkt. 1 at 19-21. The report is largely consistent with Plaintiffs' account of the relevant events but differs in some material respects. For purposes of the instant motion, however, the Court accepts as true all well-pleaded factual allegations in the FAC.

to SPPD, that "[t]here was nothing wrong with [his] phone," and that he "never received a call back." Id. ¶¶ 2, 3, 5. On October 4, 2018, Plaintiffs went to SPPD to obtain a copy of the police report regarding the welfare check. Id. ¶ 6. SPPD refused to provide a copy of the report because Plaintiffs "were not listed in the report as the heirs." Id. It appears Plaintiffs then advised SPPD that McFadden was not Harleem's sister. Id.

Plaintiffs subsequently hired another funeral home to recover Harleem's remains and paid $1,500 to transport the body back to Alameda County. Id. ¶ 10. A funeral was held in Berkeley, California on October 20, 2018. Id. ¶ 11. At that time, however, Harleem's remains were still at Greater Muslim in Sacramento. Id. According to Plaintiffs, this all occurred "because Bobbie McFadden to [*sic*] lies to [SPPD] of being sister of Harleem Sweets when **IN FACT SHE WAS NOT**." Id. ¶ 13 (emphasis in original).

### B. PROCEDURAL HISTORY

On March 1, 2019, Al and John Jones filed the instant action in the Contra Costa County Superior Court. Compl., Dkt. 1. The Complaint alleged seven causes of action, styled as follows: (1) Negligence, against Officer Jinparn and Deputy Wong; (2) Breach of Duty, against Officer Jinparn and Deputy Wong; (3) Negligence, Fraud, and Conspiracy, against McFadden, Escobar, PPM, Smith & Witter, and Greater Muslim; (4) Violation of Government Code §§ 7052.5 & 7685.6(a), against Smith & Witter and Greater Muslim; (5) Negligence, Breach of Mandatory Duty, Fraud, Unjust Enrichment, and Conspiracy against Defendants; (6) Violation of Substantive Due Process and Equal Protection under the 14th Amendment, against Officer Jinparn and Deputy Wong; and (7) Discrimination and Negligence, against Officer Jinparn and Deputy Wong.

On May 22, 2019, Officer Jinparn removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1441. Dkt. 1. On May 29, he filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 5. With the benefit of two extensions, Plaintiffs filed an opposition. Dkt. 25. On December 19, 2019, the Court issued an order granting Officer Jinparn's motion and dismissing the First, Second, Fifth, Sixth, and Seventh Causes of Action with leave to amend ("Order"). Dkt. 46.

On January 8, 2020, Plaintiffs filed the operative FAC. Dkt. 48. The factual allegations are nearly identical to those contained in the original Complaint. However, the FAC alleges only three causes of action, styled as follows: (1) Deprivation of Personal Privacy [in] Violation of 14th Amendment, against Officer Jinparn and Deputy Wong; (2) Negligence, Fraud and Conspiracy, against McFadden, Escobar, PPM, Smith & Witter, and Greater Muslim; and (3) Common Counts, against Officer Jinparn and Deputy Wong.[4]

On January 16, 2020, Officer Jinparn filed the instant motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 49. Plaintiffs failed to timely file a response to the motion. On February 4, the Court issued an order directing Plaintiffs to file a response by February 12, 2020. Dkt. 54. Plaintiffs did not file a response within the time prescribed. Instead, Al filed a request for an extension on February 14, Dkt. 56, followed by a motion for leave to file a late opposition brief on February 18, Dkt. 58.[5] The Court granted Al leave to file a late opposition. Dkt. 59. Officer Jinparn then filed a timely reply. Dkt. 60. The motion is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

---

[4] Despite the styling of the causes of action, Plaintiffs acknowledge that the FAC alleges claims only "against defendant Officer Jinparn and property manager Diana Escobar." FAC at 2. Moreover, Smith & Witter was dismissed from the action with prejudice pursuant to a stipulation for dismissal, see Dkt. 44, and Deputy Wong, McFadden, and Greater Muslim were dismissed without prejudice for failure to effectuate service of process, see Dkt. 45. Plaintiffs cannot amend their pleading to add causes of action against the dismissed defendants without a Court order allowing them to do so.

[5] The opposition brief ("Opp'n) is located at pages 3 through 14 of Docket 58. Neither the motion seeking leave to file a late opposition brief nor the opposition itself is signed by John Jones. See Dkt. 59 at 2. Nevertheless, the Court sua sponte granted John leave to file a notice of joinder in the opposition brief. Id. at n.1. John timely filed such notice on February 24, 2020. Dkt. 61.

In assessing the sufficiency of a claim, the court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a motion to dismiss, in particular, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Because Plaintiffs are pro se, the Court construes their pleadings liberally and affords them the benefit of any doubt. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. DISCUSSION

#### A. SUFFICIENCY OF THE FIRST AMENDED COMPLAINT

The FAC alleges two causes of action against Officer Jinparn: the First Cause of Action for "Deprivation of Personal Privacy Violation of 14th Amendment" and the Third Cause of Action for "Common Counts." Construed liberally, the FAC alleges substantive due process and equal protection violations under the Fourteenth Amendment and 42 U.S.C. § 1983. Officer Jinparn moves to dismiss these causes of action on the grounds that the FAC fails to allege facts sufficient to state a claim and he is entitled to qualified immunity. Construed with the utmost liberality, the FAC may also allege "common counts." Officer Jinparn moves to dismiss the common counts on the ground that the FAC is devoid of facts to support the same. Plaintiffs oppose dismissal of their substantive due process and equal protection claims; they do not address the "common counts."

### 1. Substantive Due Process

The allegations of the First Cause of Action echo those set forth in the Complaint's Sixth Cause of Action. Specifically, Plaintiffs allege that Officer Jinparn failed to "make efforts to locate the heirs of Harleem Sweets before allowing Smith & Witter to send his body to Sacramento." FAC ¶ 15; see Compl. ¶ 29 (same). Plaintiffs now allege that Officer Jinparn's conduct "shock[s] the conscience and offend[s] the community sense of fair play and decency in disposing of their deceased brother['s] body." FAC ¶ 17. However, no new *factual* allegations have been added to the FAC. Thus, for the same reasons set forth in the Order granting Officer Jinparn's motion to dismiss the original Complaint, Plaintiffs fail to state a substantive due process claim. See Order at 5-7.

The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). "[O]ne aspect of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment is a right of personal privacy, or a guarantee of certain areas or zones of privacy." Marsh v. Cty. of San Diego, 680 F.3d 1148, 1153 (9th Cir. 2012) (quotation marks and citations omitted). This right of privacy protects the individual interest in avoiding disclosure of personal matters and independence in making certain kinds of important decisions, including the "most basic decisions about family and parenthood." Id. (quotation marks and citations omitted).

With regard to deceased persons, the Supreme Court has recognized a common law right "of family members to direct and control disposition of the body of the deceased." Marsh, 680 F.3d at 1153 (quoting Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 167 (2004)). Family members have a personal stake in honoring and mourning their dead and protecting against public intrusions upon their own grief. Favish, 541 U.S. at 167-68. Concluding that this right is deeply rooted in our Nation's history and tradition, the Ninth Circuit has held that it rises to the level of a constitutional right protected by

substantive due process.  Marsh, 680 F.3d at 1154 (recognizing that the Constitution protects the right of a parent to control the physical remains, memory and images of a deceased child against unwarranted public exploitation by the government).

"To violate substantive due process, the alleged conduct must 'shock the conscience' and 'offend the community's sense of fair play and decency.'"  Marsh, 680 F.3d at 1154 (quoting Rochin v. California, 342 U.S. 165, 172-73 (1952)).  "Mutilation of a deceased family member's body, desecration of the burial site and public display of death images are the kind of conduct that is likely to cause the family profound grief" and therefore satisfy the Rochin standard.  Id. at 1155 (holding that the release of a child's autopsy photos to the press, without any legitimate governmental purpose, intruded upon the grief of the mother so as to constitute a substantive due process violation; other acts, such as prosecutor's photocopying of the images prior to his retirement, were not "sufficiently shocking" to be violative); see also Shelley v. Cty. of San Joaquin, 996 F. Supp. 2d 921, 931 (E.D. Cal. 2014) (finding allegations that the defendants exhumed the decedent's skeletal remains and caused them "to be chewed up, pulverized, destroyed, crushed and commingled with other unknown murder victims" in the presence of the mother shocked the conscience).

Here, Plaintiffs allege that Officer Jinparn failed to make reasonable efforts to contact Harleem's heirs before releasing his body to Smith & Witter.  They further allege that Escobar and/or McFadden *lied* to Officer Jinparn by representing that McFadden was Harleem's sister.  FAC ¶ 3 (Officer Jinparn contacted McFadden "[b]ased upon a lie told by" Escobar), id. ¶¶ 4 & 8 (Harleem's body was released to Smith & Witter "based upon lies" by McFadden that she was Harleem's sister); see also Opp'n at 3 (asserting that Officer Jinparn committed misconduct by "relying on McFadden [*sic*] lies she was Sweets [*sic*] sister when in fact she was not true [*sic*]").  Plaintiffs fault Officer Jinparn for failing to take further steps to verify whether McFadden was, in fact, Harleem's sister; however, the facts alleged do not suggest that he had any reason to doubt the information he was given.  Although the Court is sympathetic to the sorrow Plaintiffs suffered in being deprived, even temporarily, of control over Harleem's remains, Officer Jinparn's conduct

does not—as a matter of law—constitute a substantive due process violation. Unlike the acts described in Marsh and Shelley, the acts attributed to Officer Jinparn do not shock the conscience. Plaintiffs' conclusory allegation to the contrary is unavailing. See Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Indeed, Officer Jinparn's conduct sounds, at most, in negligence. See Order at 5-7. As the Supreme Court has held, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original). The Due Process Clause serves to protect the individual from the abuse of governmental power. Id. at 331-32. "Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person." Id. at 332. "To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. Because Plaintiffs allege only a lack of due care, they fail to state a claim for a violation of substantive due process.

### 2. Equal Protection

The allegations of the Third Cause of Action echo those set forth in the Complaint's Seventh Cause of Action. Specifically, Plaintiffs allege that Officer Jinparn assumed Harleem was Muslim and failed to verify that McFadden was his sister. FAC ¶ 31; see Compl. ¶ 31 (same).[6] They further allege that "policies and usuages [*sic*] of verifying dead bodies['] heirs are discriminatory towards black people and government employees are abusing their authority." FAC ¶ 32; see Compl. ¶ 32 (same). No new factual allegations have been added to the FAC. Thus, for the same reasons set forth in the Court's Order

---

[6] In the original Complaint, Plaintiffs alleged that Officer Jinparn acted as he did "because [Harleem] was black," and that "this would not have happen[ed] if he was white." Compl. ¶ 31. Such allegations are omitted from the FAC. However, Plaintiffs make similar assertions in their opposition brief. See Opp'n at 13 (asserting that "plaintiff [*sic*] deceased brother was black while the officer is white"); id. at 14 (asserting that Officer Jinparn overlooked certain matters "because plaintiff was [*sic*] black").

granting Officer Jinparn's motion to dismiss the original Complaint, Plaintiffs fail to state an equal protection claim. See Order at 7-8.

The Equal Protection Clause requires the government to treat all similarly situated persons equally. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). To prevail on an equal protection claim, plaintiffs "must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against them based upon membership in a protected class." Id. (alteration, quotation marks and citations omitted). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quotation marks and citation omitted; emphasis in original).

Plaintiffs fail to allege facts to support an inference of intentional discrimination. Plaintiffs allege that Officer Jinparn assumed Harleem was Muslim and failed to verify that McFadden was his sister. There is no allegation that this conduct was motivated by racial animus. Even if Plaintiffs had retained the allegation that Officer Jinparn acted as he did "because [Harleem] was black," Compl. ¶ 31, the allegation is conclusory. See Iqbal, 556 U.S. at 680-81 (the bare assertion that an act was done because of its adverse effect on an identifiable group amounts to nothing more than a formulaic recitation of the elements of a claim for discrimination and is not entitled to the assumption of truth); see, e.g., Garcia v. City & Cty. of Honolulu, No. CV 18-00100 ACK-KSC, 2018 WL 6028691, at *12 (D. Haw. Nov. 16, 2018) (finding the bare allegation of intentional discrimination insufficient to state an equal protection claim). Likewise the allegation that the "policies and usuages [*sic*] of verifying dead bodies['] heirs are discriminatory" is conclusory and fails to state a claim. Garcia, 2018 WL 6028691, at *12 (finding the allegation of a discriminatory policy insufficient absent allegations indicating how members of the plaintiff's class were treated differently from member of a similarly situated class).[7]

---

[7] Because Plaintiffs fail to state a claim under 42 U.S.C. § 1983, the Court need not reach Officer Jinparn's argument that he is entitled to qualified immunity.

### 3. Common Counts

As stated above, the Third Cause of Action is styled as one for "common counts." It contains only the allegations set forth above in connection with the equal protection claim. Insofar as Plaintiffs intended to separately allege "common counts," they have abandoned the same by failing to address it in response to Officer Jinparn's motion to dismiss. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . , has effectively abandoned his claim, and cannot raise it on appeal.") (quoting Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1037 (9th Cir. 2006)); see also Shakur v. Schriro, 514 F.3d 878, 892 (9th Cir. 2008) (applying this rule of abandonment despite the liberal construction afforded pro se pleadings).

Moreover, the FAC is devoid of any facts to support a common count. "A common count is not a specific cause of action," but rather, "a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness." Prof'l Collection Consultants v. Lujan, 23 Cal. App. 5th 685, 690 (2018) (quoting McBride v. Boughton, 123 Cal. App. 4th 379, 394 (2004)). "The only essential allegations of a common count are (1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." Miniace v. Pac. Mar. Ass'n, 424 F. Supp. 2d 1168, 1186 (N.D. Cal. 2006) (citing Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 451 (1997)) (internal quotation marks omitted). Plaintiffs do not allege any form of monetary indebtedness by Officer Jinparn, and thus, a common count is wholly unsupported.

### B. LEAVE TO AMEND

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). The court may deny a plaintiff leave to amend if it determines that the allegation of other facts consistent with the challenged pleading cannot possibly cure the deficiencies or if the plaintiff has had prior opportunities to amend and failed to cure the deficiencies.

Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper if the deficiencies cannot be cured by amendment); Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (the court's discretion to deny leave to amend is particularly broad where the plaintiff previously amended the complaint).

Here, Plaintiffs were given notice of their pleading's deficiencies and an opportunity to amend when the Court granted Officer Jinparn's motion to dismiss the original Complaint. Yet the FAC contains no different or additional factual allegations. Indeed, aside from the threadbare recital of the elements of a cause of action (i.e., the allegation that Officer Jinparn's conduct "shocks the conscience"), the FAC is nearly identical to the original Complaint. In response to the instant motion to dismiss the FAC, Plaintiffs present no new facts that might support their causes of action. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."). Accordingly, the Court dismisses the causes of action against Officer Jinparn without further leave to amend.

### C. SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd., 235 F.3d 553, 557 (10th Cir. 2000)). Here, having dismissed the claims against Officer Jinparn, the only claims that remain arise under California state law. Balancing the relevant factors, the Court declines to assert supplemental jurisdiction over the remaining claims.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Officer Jinparn's motion to dismiss (Dkt. 49) is GRANTED and the First and Third Causes of Action are DISMISSED without leave to amend.

2. Defendant Adam Jinparn, San Pablo Officer is DISMISSED from the action with prejudice and the action is REMANDED forthwith to the Contra Costa County Superior Court.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 3/2/2020

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge